UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ANDREW THOMPSON,
    Plaintiff,

-v-

WALGREENS COMPANY,
    Defendant
                            /

FILED BY _____ D.C.
JAN 24 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

19-cv-60213 Bloom

## COMPLAINT

COMES NOW Plaintiff, ANDREW THOMPSON, whom hereby sues Defendant, WALGREENS COMPANY (hereinafter, "WALGREENS"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like WALGREENS from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended

to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Thirty Thousand Dollars ($30,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Broward County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Broward County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, WALGREENS, is a Corporation and National Association with a principal place of business located at 200 Wilmot Road, MS # 2002, Deerfield, IL 60015 and which conducts business in the State of Florida.

14. It is believed that the alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. WALGREENS is believed to be a "creditor" as defined in Florida Statute §559.55(5)

16. Upon information and belief, WALGREENS called me, the Plaintiff on my cellular telephone approximately (30) times on or before September 27, 2018 through November 26, 2018, in an attempt to contact me regarding an alleged prescription or prescription payment.

17. Upon information and belief, WALGREENS attempted to collect an alleged debt from me by this campaign of telephone calls.

18. Upon information and belief, all of the calls the Defendant made to my cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls").

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (754) ***-3079, and was the called party and recipient of Defendant's calls.

20. Beginning on or about September 28, 2018, WALGREENS began bombarding my cellular telephone (754) ***-3079, an in an attempt to follow-up on, and/or to collect on an alleged prescription or prescription payment.

21. Defendant knowingly and/or willfully harassed and abused me on numerous occasions by calling my cellular telephone number nearly every day and sometimes up to two (2) times a day.  Defendant's calls, which were conducted on or before September 28, 2018 through and including November 26, 2018, occurred with such frequency as can reasonably be expected to harass me, all in an effort to the collection of the subject prescription cost.

22. On about October 10, 2018 is when I first requested Defendant to stop calling my cell phone by calling the WALGREENS store located at 3895 W, FL-842, Fort Lauderdale, Florida 33312 and speaking with employee "Shantel" at approximately 1:23 PM and advising her, among other things, to "please do not call this number" and to remove

my cellular telephone (754) ***-3079 from its system. On October 23, 2018, I once again contacted WALGREENS by calling (954) 316-6641 and speaking with a WALGREENS' employee and advised her to remove me number from WALGREENS' calling list.

23. Each of the auto dialer calls the Defendant made to my cellular telephone on or after September 27, 2018 and up until November 26, 2018, were done so without me ever giving Defendant, WALGREENS prior express consent to call my cellular telephone (754) ***-3079.

24. The auto dialer calls from Defendant came from the telephone number including but not limited to ((1-(954) 316-6641), and when that number is called a pre-recorded voice states in part, ... *"Hi, welcome to your 24 hour Walgreens, trusted since 1901....."*

25. Despite its lack of express consent to call my cellular telephone (754) ***-3079 and despite my requests for the calls to stop, the Defendant continued to call me.

26. I received an estimated thirty (30) calls from the Defendant between September 27, 2018 (including a November 4, 2018 a pre-recorded voicemail), up until at least November 26, 2018.

27. Despite me informing Defendant on October 10, 2018 to stop calling my cell phone, the Defendant still called my cell phone number (754) ***-3079 repeatedly between October 10, 2018 and November 26, 2018 (including a November 4, 2018 pre-recorded voicemail from WALGREENS).

28. WALGREENS has a corporate policy to use an automatic telephone dialing system and/or a pre-recorded or artificial voice to call individuals just as it did to my cellular telephone in this case.

29. WALGREENS has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to my cellular telephone in this case, with no way for the consumer (Plaintiff), or WALGREENS, to remove the number.

30. WALGREENS' corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to WALGREENS they wish for the calls to stop.

31. WALGREENS have settled, and/or have numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

32. WALGREENS have settled, and/or have numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite numerous requests to stop.

33. WALGREENS has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call those consumers.

34. WALGREENS's corporate policy provided no means for me to have my number *timely* and immediately removed from Defendant's call list.

35. WALGREENS has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

36. Not a single call placed by WALGREENS to me were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Here, WALGREENS willfully and/or knowingly violated the TCPA with respect to Plaintiff's cell phone. This also impaired the usefulness of these features of my cellular phone, which are designed to inform the user of important missed communications.

38. From each and every call placed without consent by WALGREENS to my cell phone, I suffered the injury of invasion of privacy and the intrusion upon my right of seclusion.

39. From each and every call without express consent placed by WALGREENS to my cell phone, I suffered the injury of occupation of my cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from WALGREENS calls.

40. From each and every call placed without express consent by WALGREENS to my cell phone, I suffered the injury of unnecessary expenditure of my time. For the calls I answered (or tried to answer), the time I spent on the call was unnecessary as I repeatedly asked for the calls to stop. Even for unanswered calls, I had to waste time to unlock my phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of my cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed (without my express consent) by WALGREENS to my cell phone was an injury in the form of a nuisance and annoyance to me. For calls that were answered, I had to go to the unnecessary trouble of answering them. Even for unanswered calls, I had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls.

42. Each and every call placed without express consent by WALGREENS to my cell phone resulted in the injury of unnecessary expenditure of my cell phone's battery power.

43. Each and every call placed without express consent by WALGREENS to my cell phone where a voice message was left which occupied space in my phone and/or network.

44. Each and every call placed without express consent by WALGREENS to my cell phone resulted in the injury of a trespass to my chattel, namely my cellular phone and my cellular phone services.

45. As a result of the answered and unanswered calls described above, I suffered an invasion of privacy. I was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, I suffered the expenditure of my time, exhaustion of my cellular telephone battery, unavailability of my cellular telephone while ringing, waste of my time, causing the risk of personal injury due to distraction, and trespass upon my chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to apparently collect an alleged debt from me through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

46. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein.

47. WALGREENS willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified WALGREENS that he wished for the calls to stop.

48. WALGREENS repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WALGREENS for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

49. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-eight (48) as if fully set forth herein.

51. Through information and belief, WALGREENS has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

50. At all times relevant to this action WALGREENS is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. Through information and belief, WALGREENS has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

53. Through information and belief, WALGREENS' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WALGREENS for statutory damages, punitive damages,

actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

<u>      /s/ *Andrew Thompson*  </u> , January 24, 2019
Andrew Thompson
2798 NW 20th Street
Fort Lauderdale, Florida 33311

# Walgreens

1 954-316-6641

Today 10:14 AM

Oct 31 11:46 AM

Oct 30 10:03 AM

Oct 29 9:16 AM